MURPHY v. CROCICCHIA.

(Supreme Court, Appellate Term. February 4, 1907.)

LANDLORD AND TENANT — INJURY TO TENANT — NEGLIGECE — PLEADING AND PROOF.

    Plaintiff, in an action by a tenant against her landlord, alleging that by reason of the torn condition of the hall and stairs carpet and the lack of light she tripped and was precipitated down the stairs, does not connect the accident with the negligence charged by testimony that she went out of her room to go down stairs, and was "taken from the top of the stairs and thrown down," and that she knew nothing more.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Julia Murphy against Emma Crocicchia. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, BLANCHARD, and DAYTON, JJ.

Paul Gross (Herman Kahn, of counsel), for appellant.
Langbein & Langbein, for respondent.

BLANCHARD, J. The plaintiff brought this action to recover damages for personal injuries. She was a tenant of the defendant, and in her complaint sets forth several alleged acts of negligence on the part of the defendant. In describing the accident whereby she received her injuries she alleges in her complaint, in substance, that by reason of the torn condition of the carpet on the hallway and stairs, and by reason of the lack of light in the hallway, she tripped or fell and was precipitated from the third-story hallway to the second-story hallway. On the trial of the action the only testimony as to how the accident happened was given by the plaintiff herself. In answer to the question, "Tell what happened to you on the 27th of March," she answered:

"I heard my door bell ring, and I got the keys, and I went out to go down stairs and to go to the mail box, and I was taken from the top of the stairs and thrown down."

She further stated that she knew nothing more, and we have been unable to find another word in the case telling how the accident occurred. The judgment which the learned trial court rendered for the plaintiff cannot be sustained upon the record before us. The plaintiff has not succeeded in connecting the accident, which caused the injuries for which she seeks to recover, with any of the alleged acts of negligence of the defendant, and the judgment must therefore be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.